DANTE T. PRIDE (SBN 262362)
*dpride@pridelawfirm.com*
JESSICA K. PRIDE (SBN 249212)
*jpride@pridelawfirm.com*
ALANA MCMAINS (SBN 285942)
*amcmains@pridelawfirm.com*
**THE PRIDE LAW FIRM**
2831 Camino Del Rio S, Suite 104
San Diego, California 92108
Telephone: 619-516-8166
Facsimile: 619-785-3414

Attorneys for Plaintiff Matthew Burgess

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

**'21CV616  MMAMSB**

| | |
|---|---|
| MATTHEW BURGESS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; WILLIAM GORE, in his individual and official capacity; CITY OF SAN DIEGO; DAVID NISLEIT, in his individual and official capacity; JEREMY HUFF, in his individual capacity; and DOES 1-25, inclusive;<br><br>Defendants. | **PLAINTIFF'S COMPLAINT FOR:**<br><br>1) **VIOLATION OF 42 U.S.C. § 1983 (EXCESSIVE FORCE);**<br>2) **VIOLATION OF 42 U.S.C. § 1983 – *MONELL* (FAILURE TO PROPERLY TRAIN/SUPERVISE)**<br>3) **BATTERY;**<br>4) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>5) **VIOLATION OF RALPH ACT (CIVIL CODE § 51.7);**<br>6) **BANE CIVIL RIGHTS ACT (CIVIL CODE § 52.1); AND**<br>7) **NEGLIGENCE**<br><br>JURY TRIAL DEMANDED |

Plaintiff MATTHEW BURGESS ("Plaintiff"), by and through his counsel of record, hereby alleges the following:

THE PRIDE
LAW FIRM

- 1 -
COMPLAINT FOR DAMAGES

## **PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is, and at all relevant times was, an individual residing in San Diego County, California.

2. At all times relevant to this Complaint, Defendant OFFICER JEREMY HUFF was acting under color of state law in his capacity as a police officer employed by the San Diego Police Department ("SDPD").

3. At all times relevant to this Complaint, Defendant DAVID NISLEIT ("NISLEIT") was the policy-maker for the SDPD. NISLEIT is and was responsible for promulgation of the policies, procedures, and allowance of the practices and customs pursuant to which the acts of the SDPD alleged herein were committed. He also supervised and had control of deputies who are or were employed by SDPD, who are under his command and who report to him, including the Defendants to be named.

4. At all times relevant to this Complaint, Defendant CITY OF SAN DIEGO ("the CITY") is a public entity, a county in the State of California, of which the SDPD is a department.

5. At all times relevant to this Complaint, Defendant WILLIAM GORE ("GORE") was the policy-maker for the County of San Diego Sheriff's Department ("SDSD"). GORE is and was responsible for promulgation of the policies, procedures, and allowance of the practices and customs pursuant to which the acts of the SDSD alleged herein were committed. He also supervised and had control of deputies who are or were employed by SDSD, who are under his command and who report to him, including the Defendants to be named.

6. At all times relevant to this Complaint, Defendant COUNTY OF SAN DIEGO ("the COUNTY") is a public entity, a county in the State of California, of which the SDSD is a department.

7. Plaintiff is ignorant as to the true names, identities, and capacities of Defendants DOES 1 through 25, inclusive. Therefore, Plaintiff sues these

THE PRIDE
LAW FIRM

- 2 -
COMPLAINT FOR DAMAGES

Defendants under the fictitious designation of DOES 1 through 25.  Plaintiff will amend this Complaint once their identities have been ascertained as well as facts giving rise to their liability.

8.     Defendants Does 1-25, individually and in their official capacities, at all times relevant herein, were deputies, officers and/or employees for the San Diego County Sheriff's Department, acting in their official capacity and under color of law. These defendants include deputies in supervisory positions that participated in training HUFF and other officers/deputies, in the supervision of the use of force by other deputies, and in reporting incidents of use of force to other employees within SDPD and SDSD.

9.     Venue is proper in this Court because the acts and omissions complained of all occurred within the County of San Diego.

10.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(3), and 1343(4).  This Court further has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. § 1376(a).

11.     On October 27, 2020, Plaintiff filed a claim for damages with the CITY, as required by California Government Code § 910.  On November 24, 2020, the CITY denied Plaintiff's claim.  Plaintiff filed an amended claim with the CITY on November 25, 2020.  Plaintiff did not receive a response to that claim.

12.     On August 27, 2020, Plaintiff filed a claim for damages, as required by California Government Code § 910.  On October 23, 2020, the COUNTY denied his claim.  On November 25, 2020, Plaintiff filed an amended claim for damages with the COUNTY.  The COUNTY denied that claim on February 2, 2021.

## **GENERAL ALLEGATIONS**

1.     On May 31, 2020, a demonstration occurred in downtown San Diego. The demonstration was in response to the killings of George Floyd, Ahmaud Arbery, Breonna Taylor, and the hundreds of other Black citizens who have been killed by the police.

2.    Plaintiff attended the demonstration in order to publicly protest against policy brutality.  He arrived downtown at approximately 1:00 or 2:00 p.m.

3.    While at the protest, Claimant stood peacefully, chanted, and made video recordings on his telephone.

4.    At one point, Claimant saw an officer try to hit a peacefully protesting woman with a baton.  Claimant calmly said, "Don't push her."  At that point, Officer HUFF jabbed him in the stomach with the baton, leaving bruising and causing pain.

5.    Claimant then later saw DOE officers begin shooting kinetic impact projectiles at other peaceful protesters.  He yelled at them to stop, while continuing to record video on his cellular phone.  The DOE officer(s) then purposefully aimed at him and shot him twice in the legs.  Claimant turned around to try and flee in order to protect himself, and the DOE officer(s) shot him in the back, causing him to bleed through his shirt.

6.    Claimant was later sprayed with pepper spray or another irritant by DOE officer(s), causing him significant discomfort and pain.

7.    The CITY stated in its denial of Plaintiff's claims for damages that the officers in green uniforms who are visible shooting kinetic impact projectiles at protesters in Plaintiff's video were SDSD deputies, not SDPD officers.  The COUNTY stated in its denial of Plaintiff's claim that the only law enforcement officers at the downtown protest were SDPD officers, not SDSD deputies.

## FIRST CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. § 1983 (EXCESSIVE FORCE)

### (Against Defendant HUFF and DOES 1-25, inclusive)

8.    Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

9.    Plaintiff had a firmly established right under the Fourth Amendment to be free from the wanton and unnecessary infliction of pain in the form of the use of

- 4 -
COMPLAINT FOR DAMAGES

THE PRIDE
LAW FIRM

excessive force by the authorities.

10. Defendant HUFF, while acting under color of state law as an officer with the SDPD, deprived Plaintiff of that right by using excessive force against him by jabbing him with a baton while he was peacefully protesting.

11. Defendants DOES 1-25, inclusive, while acting under color of state law as SDPD officers and/or SDSD deputies, deprived Plaintiff of that right by using excessive force against him by shooting him in the legs and the back with kinetic impact projectiles and spraying him with pepper spray or another similar irritant.

12. As a result of the conduct of HUFF and DOES 1-25, inclusive, Plaintiff was injured physically, psychologically, and emotionally.  Defendants' use of excessive force was both the cause-in-fact and the proximate cause of Plaintiff's injuries.

13. The conduct alleged herein was done in deliberate or reckless disregard of Plaintiff's constitutionally protected rights, justifying the award of exemplary damages against Defendant in an amount according to proof at the time of trial in order to deter Defendant from engaging in similar conduct and to make an example by way of monetary punishment. Plaintiffs is also entitled to attorneys' fees and costs of suit herein.

**SECOND CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983 / *MONELL* (FAILURE TO PROPERLY TRAIN/SUPERVISE)**

**(Against Defendants the COUNTY, the CITY, GORE, and NISLEIT)**

14. Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

15. The COUNTY OF SAN DIEGO, GORE, CITY OF SAN DIEGO, NISLEIT, and Supervisory DOE Defendants 12-25 are each liable for the deprivation of Plaintiff's constitutional rights under *Monell v. Department of Social*

THE PRIDE
LAW FIRM

COMPLAINT FOR DAMAGES

*Services of the City of New York*, 436 U.S. 658 (1978), and its progeny, which hold that municipal entities may be held liable for violations of Constitutional rights committed by its employees if the violations arose from:

     a.    a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a custom or usage" with the force of law;

     b.    the ratification of the illegal and unconstitutional conduct by an individual with final policy-making authority; and/or

     c.    a failure to adequately train municipal employees resulting in the deliberate indifference to the constitutional rights of citizens.

16. Defendants The COUNTY OF SAN DIEGO, GORE, CITY OF SAN DIEGO, NISLEIT, and Supervisory DOE Defendants 12-25 failed to provide adequate supervision and discipline to deputies that hold the power, authority, insignia, equipment and arms entrusted to them.

17. Defendants The COUNTY OF SAN DIEGO, GORE, CITY OF SAN DIEGO, NISLEIT, and Supervisory DOE Defendants 12-25 were aware of the widespread problems with the use of excessive force within SDSD and SDPD. Despite this knowledge, Defendants took no action to supervise or discipline deputies, or to provide better training as to proper use of force.

18. Defendants The COUNTY OF SAN DIEGO, GORE, CITY OF SAN DIEGO, NISLEIT, and Supervisory DOE Defendants 12-25 have a lengthy history of ratifying deputy misconduct by failing to conduct appropriate investigations. They have refused to investigate misconduct and/or taken no remedial steps or actions against deputies.

19. There has been an official policy of acquiescence in the wrongful conduct. Defendants failed to promulgate corrective policies and regulations in the face of repeated Constitutional violations.  Defendants condoned and

THE PRIDE
LAW FIRM

- 6 -

acquiesced in the abusive behavior of their subordinates by refusing to retrain them, discipline them, or correct their abusive behavior.

20.     Defendant COUNTY OF SAN DIEGO, GORE, CITY OF SAN DIEGO, NISLEIT, and Supervisory DOE Defendants 12-25, as a matter of custom, practice, or policy, failed to institute, require, and enforce proper and adequate training and supervision for the use of kinetic impact projectiles by its employees, when the need for such training and supervision was obvious. Defendants' failure to properly train and supervise its employees resulted in a violation of Plaintiff's Fourth Amendment rights.

21.     Multiple peaceful protesters were harmed by kinetic impact projectiles and similar "less lethal" weapons fired by SDSD and/or SDPD deputies, which suggests that this was not merely an accident or a bad act by one officer, but rather a widespread deficiency in the policies, practices, and customs of SDSD and/or SDPD.

22.     Defendants' failure to properly train and supervise its officers, as a matter of policy, custom, and practice, was deliberately indifferent to Plaintiff's Fourth Amendment rights and done with conscious disregard for the dangers of harm and injury to him and others similarly situated.

23.     As a result of these failures by the COUNTY OF SAN DIEGO, GORE, CITY OF SAN DIEGO, NISLEIT, and Supervisory DOE Defendants 12-25 Plaintiff was injured physically, psychologically, and emotionally.  Defendants' conduct was both the cause-in-fact and the proximate cause of Plaintiff's injuries.

### THIRD CAUSE OF ACTION

### BATTERY

### (Against Defendant HUFF and DOES 1-25)

24.     Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

25.     Defendants HUFF caused Plaintiff to be touched with the intent to

- 7 -

COMPLAINT FOR DAMAGES

harm or offend his, specifically by jabbing him with a baton.

26.    Defendants DOES 1-25, inclusive, caused Plaintiff to be touched by kinetic impact projectiles and pepper spray or another irritant, by shooting and/or spraying these at him.

27.    Plaintiff did not consent to the touching by either HUFF or DOES 1-25, inclusive.

28.    Plaintiff was harmed and offended by Defendants' conduct.

29.    A reasonable person in Plaintiff's situation would have been offended by the touching.

30.    Plaintiff sustained severe damages, including physical pain, suffering, and emotional distress, as well as economic damages including but not limited to medical expenses and lost wages, in an amount to be proven at trial.

31.    Defendant CITY is liable in *respondeat superior* for the conduct of individual defendant officers HUFF and DOES 1-25, inclusive, in the course and scope of their employment, per Government Code § 815.2.

32.    Defendant COUNTY is liable in *respondeat superior* for the conduct of individual defendant deputies DOES 1-25, inclusive, in the course and scope of their employment, per Government Code § 815.2.

33.    The conduct of Defendant HUFF and DOES 1-25, inclusive, was malicious and oppressive, such that punitive damages are appropriate in order to punish these Defendants and deter them from engaging in similar conduct in the future.

## FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendant HUFF and DOES 1-25, inclusive)

34.    Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

35.    The conduct of Defendants HUFF and DOES 1-25, inclusive, as set

- 8 -

THE PRIDE
LAW FIRM

COMPLAINT FOR DAMAGES

forth in the preceding paragraphs, was outrageous. It was so extreme as to exceed all bounds of that usually tolerated in a civilized society.

36. Defendants intended to cause Plaintiff emotional distress and/or acted with reckless disregard for the probability that Plaintiff would suffer emotional distress, when HUFF jabbed Plaintiff with a baton and DOES 1-25, inclusive, shot Plaintiff with kinetic impact projectiles and sprayed him with pepper spray.

37. Plaintiff suffered severe emotional distress, with damages in an amount to be proven at trial.

38. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

39. Defendant CITY is liable in *respondeat superior* for the conduct of individual defendant officers HUFF and DOES 1-25, inclusive, in the course and scope of their employment, per Government Code § 815.2.

40. Defendant COUNTY is liable in *respondeat superior* for the conduct of individual defendant deputies DOES 1-25, inclusive, in the course and scope of their employment, per Government Code § 815.2.

41. The conduct of Defendant HUFF and DOES 1-25, inclusive, was malicious and oppressive, such that punitive damages are appropriate in order to punish these Defendants and deter them from engaging in similar conduct in the future.

## FIFTH CAUSE OF ACTION

## VIOLATION OF RALPH ACT (CIVIL CODE § 51.7)

### (Against Defendants HUFF, the COUNTY, the CITY, and DOES 1-25)

42. Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

43. Defendants HUFF, the COUNTY, and DOES 1-25, inclusive, committed a violent act against Plaintiff.

44. A substantial motivating reason for Defendants' conduct was

COMPLAINT FOR DAMAGES

THE PRIDE
LAW FIRM

Plaintiff's race, color, and/or political affiliation or Defendant's perception of Plaintiff's race, color, and/or political affiliation.  Specifically, the substantial motivating reason for their conduct was Plaintiff's affiliation with the Black Lives Matter movement, which constitutes a political affiliation under the Ralph Act.

45.    Plaintiff was harmed, including physical pain, suffering, emotional distress, and economic damages including but not limited to medical expenses and lost wages, in an amount to be proven at trial.

46.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

47.    The conduct of Defendant HUFF and DOES 1-25, inclusive, was malicious and oppressive, such that punitive damages are appropriate in order to punish these Defendants and deter them from engaging in similar conduct in the future.

48.    Defendant the COUNTY is liable in *respondeat superior* for the conduct of individual defendant officers HUFF and DOES 1-25, inclusive, in the course and scope of their employment, per Government Code § 815.2.

## SIXTH CAUSE OF ACTION

### BANE CIVIL RIGHT ACT (CIVIL CODE § 52.1)

**(Against Defendants HUFF, the COUNTY, the CITY, and DOES 1-25)**

49.    Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

50.    On the afternoon of May 31, 2020, Plaintiff was exercising his First Amendment rights to free speech and assembly by attending a political protest and chanting against police use of excessive force against Black Americans.

51.    By threats, intimidation, and/or coercion, Defendants HUFF, the COUNTY, and DOES 1-25, inclusive, intentionally interfered with or attempted to interfere with Plaintiff's rights.

52.    By threats, intimidation, and/or coercion, Defendants caused Plaintiff

THE PRIDE
LAW FIRM

- 10 -
COMPLAINT FOR DAMAGES

to reasonably believe that if he exercised his right to free speech and/or assemble, Defendants would commit violence against him and that Defendants had the apparent ability to carry out the threats.

53. Further, Defendants acted violently against Plaintiff to prevent him from exercising his right to free speech and/or right to assemble, as well as to retaliate against Plaintiff for exercising his right to free speech and/or assemble.

54. The COUNTY and the CITY condoned, approved of, directed, and encouraged the use of excessive, unlawful force at the May 31, 2020 protest. DOES 1-25, at the direction of and with the approval of supervisory officers of the SDSD and/or SDPD, violated the COUNTY's and/or CITY's written policies, and standard law enforcement practices, regarding the use of "less than lethal" kinetic impact projectiles such as the bean bag round he shot at Plaintiff. These violations included, but are not limited to, firing bean bag rounds into a large crowd, aiming the rounds at a target's back instead of arms or legs. HUFF, at the direction of and with the approval of supervisory officers of SDPD, violated the CITY's policies by jabbing Plaintiff with a baton without any reasonable cause given that Plaintiff had not committed any crime or posed any threat to the officer.

55. Defendants intended to deprive Plaintiff of his enjoyment of the interests protected by the First Amendment rights to free speech and assembly.

56. Plaintiff was severely harmed, including physical pain, suffering, and emotional distress, as well as economic damages including but not limited to medical expenses and lost wages, in an amount to be proven at trial.

57. The conduct of all Defendants was a substantial factor in causing Plaintiff's harm.

58. The conduct of Defendant HUFF and DOES 1-25, inclusive, was malicious and oppressive, such that punitive damages are appropriate in order to punish these Defendants and deter them from engaging in similar conduct in the future.

THE PRIDE
LAW FIRM

- 11 -
COMPLAINT FOR DAMAGES

59.     Defendant the CITY is liable in *respondeat superior* for the conduct of individual defendant officers HUFF and DOES 1-25, inclusive, in the course and scope of their employment, per Government Code § 815.2.

60.     Defendant the COUNTY is liable in *respondeat superior* for the conduct of defendant deputies DOES 1-25, inclusive, in the course and scope of their employment, per Government Code § 815.2.

## SEVENTH CAUSE OF ACTION

### NEGLIGENCE

### (Against All Defendants)

61.     As law enforcement officers tasked with serving the public, all Defendants owed a special duty of care to Plaintiff, as well as the general duty of care owed by all people to each other in the state of California.

62.     Defendants breached their duty of care to Plaintiff by utilizing force against him, including but not limited to jabbing him with a baton, shooting him with kinetic impact projectiles, and spraying him with irritants.

63.     Plaintiff was severely harmed, including physical pain, suffering, and emotional distress, as well as economic damages including but not limited to medical expenses and lost wages, in an amount to be proven at trial.

64.     Defendants' negligence was a substantial factor in causing that harm to Plaintiff.

65.     The conduct of Defendant HUFF and DOES 1-25, inclusive, was malicious and oppressive, such that punitive damages are appropriate in order to punish these Defendants and deter them from engaging in similar conduct in the future.

66.     Defendant the CITY is liable in *respondeat superior* for the conduct of individual defendant officers HUFF and DOES 1-25, inclusive, in the course and scope of their employment, per Government Code § 815.2.

67.     Defendant the COUNTY is liable in *respondeat superior* for the

THE PRIDE
LAW FIRM

- 12 -
COMPLAINT FOR DAMAGES

conduct of defendant deputies DOES 1-25, inclusive, in the course and scope of their employment, per Government Code § 815.2.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Matthew Burgess prays for relief as follows:

1.      General and compensatory damages according to proof at the time of trial;

2.      Attorney's fees pursuant to 42 U.S.C. § 1983 and California Civil Code §§ 52 and 52.1(i);

3.      Civil penalties pursuant to California Civil Code §§ 52 and 52.1(i);

4.      Punitive and exemplary damages;

5.      Declaratory and injunctive relief remedying the continued policies, customs and practices governing how the SDPD and/or SDSD uses less-lethal weapons such as bean-bag metal kinetic projectiles, irritants such as pepper spray, and its general response to political demonstrations;

6.      Costs of suit herein and interest; and

7.      Any further equitable relief that this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a jury trial on all issues in this case.

Dated: April 9, 2021                         **THE PRIDE LAW FIRM**

By: _____
DANTE T. PRIDE
JESSICA K. PRIDE
ALANA MCMAINS
Attorneys for Plaintiff

THE PRIDE
LAW FIRM

- 13 -
COMPLAINT FOR DAMAGES